UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

———————————————————
                                                )
APOTEX INC.,                                    )
                                                )
                                                )
        Plaintiff,                              )
                                                )
                                                )
        v.                                      )        CIVIL NO.  1:06-CV-627
                                                )
FOOD AND DRUG ADMINISTRATION,                   )
MICHAEL O. LEAVITT, and                         )
ANDREW VON ESCHENBACH,                          )
                                                )
                                                )
        Defendants,                             )
                                                )
        and                                     )
                                                )
TEVA PHARMACEUTICALS USA, INC.,                 )
                                                )
        Intervenor-Defendant.                   )
———————————————————)

MOTION OF RANBAXY LABORATORIES LIMITED, RANBAXY INC.,
AND RANBAXY PHARMACEUTICALS, INC. TO INTERVENE AS DEFENDANTS

        Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc.,

("Ranbaxy") respectfully request that this Court permit them to intervene as defendants in this

lawsuit pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, Rule 24(b)(2).

        Ranbaxy believes that it was the first to file an Abbreviated New Drug Application

("ANDA") for pravastatin sodium 80 mg containing a paragraph IV certification to the patents

listed in the Orange Book for that drug, and that complies with all applicable Hatch Waxman

requirements.  As such, Ranbaxy is entitled to 180-day exclusivity for pravastatin sodium 80 mg

and is prepared to launch and begin marketing immediately upon receiving final approval from

FDA.

In the previous litigation on this matter, this Court allowed Ranbaxy to intervene to protect its interests in the marketing of pravastatin sodium and dismissed it as an intervenor after Ranbaxy informed the Court that FDA had agreed to reconsider the issue that most directly affected Ranbaxy's interests in this matter. Specifically, FDA agreed to reconsider whether any 180-day exclusivity for pravastatin sodium tablets 80 mg was triggered by the August 22, 2004 stipulation and order dismissing <u>Apotex Inc. v. Bristol-Myers Squibb Co.</u>, No. 04-CV-2922 (S.D.N.Y. July 23, 2004). <u>See</u> Response of Intervenor-Defendants Ranbaxy Laboratories Limited, Ranbaxy, Inc., and Ranbaxy Pharmaceuticals, Inc. to Motion for Preliminary Injunction, <u>Teva v. FDA</u>, <u>et al</u>, No. 1:05-CV-01469-JDB (Aug. 25, 2005).

In this case plaintiff Apotex Inc. ("Apotex") has filed suit seeking, among other things, to require FDA to award approval of Apotex's ANDA No. 76-341 for pravastatin tablets on April 20, 2006. If Apotex were to obtain the relief requested, Ranbaxy, a direct competitor of Apotex, would be denied 180-day exclusivity for pravastatin sodium tablets 80 mg and thereby suffer harm.

Ranbaxy makes this timely motion to intervene to safeguard its legal and economic interests in the outcome of this litigation. Those substantial interests may be impaired unless Ranbaxy is entitled to participate. FDA, as a regulatory authority, cannot be expected to fully represent Ranbaxy's interests. Although Teva Pharmaceuticals USA, Inc. ("Teva") has intervened in this case, and Teva and Ranbaxy may share a similar view on some of the legal issues in this case, their interests are not wholly similar. First, there may be factual and legal differences to how the August 22, 2004 stipulation and order relates to the ANDA for the 80 mg strength that are not present with respect to the other strengths. Second, Teva and Ranbaxy are

competitors and will compete directly during the 180-day exclusivity period. Thus, Teva cannot adequately represent Ranbaxy's interests.

If the Court grants Ranbaxy's motion to intervene, Ranbaxy will not seek to delay the proceedings, but will agree to abide by the schedule to which the other parties agree.

For the reasons set forth above, and explained more fully in the accompanying Memorandum of Points and Authorities, Ranbaxy respectfully requests that this Court grant its motion to intervene.

Ranbaxy's counsel has advised Apotex's counsel, Teva's counsel and counsel for FDA that it intends to seek the Court's leave to intervene. FDA's counsel stated that the Federal defendants take no position on this motion. Counsel for Teva stated that Teva does not object. Counsel for Apotex stated that Apotex does not object as long as Ranbaxy is able to meet the established briefing schedule.

Dated:  April 11, 2006                              Respectfully submitted,


                                                    Kate C. Beardsley
                                                    D.C. Bar No. 416806
                                                    Carmen M. Shepard
                                                    D.C. Bar No. 331314

                                                    Buc & Beardsley
                                                    919 Eighteenth Street, N.W.
                                                    Suite 600
                                                    Washington, D.C. 20006
                                                    (202) 736-3600

                                                    Counsel for Proposed Intervenor-Defendants

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

———————————————————————

APOTEX INC.,                                    )
                                                )
                                                )
        Plaintiff,                              )
                                                )
                                                )
        v.                                      )        CIVIL NO.  1:06-CV-627
                                                )
FOOD AND DRUG ADMINISTRATION,                   )
MICHAEL O. LEAVITT, and                         )
ANDREW VON ESCHENBACH,                          )
                                                )
                                                )
        Defendants,                             )
                                                )
        and                                     )
                                                )
TEVA PHARMACEUTICALS USA, INC.,                 )
                                                )
        Intervenor-Defendant.                   )
———————————————————————

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION BY RANBAXY TO INTERVENE

        Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc.

(collectively "Ranbaxy") have moved to intervene in this action because they have an interest in

the subject matter of this action, their interest may be impaired by disposition of the action and

their interest is not adequately represented by the existing parties.  As explained below, Ranbaxy

is entitled to 180-day exclusivity for the 80 mg pravastatin sodium tablets.  Because the remedy

sought by Apotex would deprive Ranbaxy of the benefits of exclusivity to which it is entitled,

Ranbaxy is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a).  Ranbaxy also

satisfies the standards of Fed. R. Civ. P. 24(b) for permissive intervention.

        This matter is before the Court for the second time.  The previous litigation arose from a

determination by FDA that the 180-day exclusivity for the 10 mg, 20 mg, 40 mg and 80 mg

strengths had been triggered by a stipulation of dismissal obtained by Apotex in a separate declaratory judgment action Apotex had brought against Bristol-Myers Squibb. See generally Memorandum Opinion and Order, Teva v. FDA, No. 05-1469 (JDB)(Oct. 21, 2005)("Mem. Op."). Teva challenged that determination and Ranbaxy sought and was granted leave to intervene in the case to protect its interests in marketing generic pravastatin sodium tablets. Id. While the case was pending before this Court, Ranbaxy requested that FDA reconsider its decision as it related to the 80 mg strength. Response of In.-Defs. Ranbaxy Lab. Ltd., Ranbaxy, Inc., and Ranbaxy Pharms. to Mot. for Prelim. Inj. ("Ranbaxy Response") at Exh. 1, Teva v. FDA, No. 05-1469 (JDB) (Aug. 25, 2006). FDA agreed to do so. Id. at Exh. 2. Ranbaxy then notified the Court of this development and the Court thereafter dismissed Ranbaxy from the case.

Teva ultimately prevailed in its challenge in this Court. On appeal, the Court of Appeals concurred that FDA's June 28, 2005 decision was arbitrary and capricious and remanded the matter to the agency for further consideration. Teva v. FDA, Appeal Nos. 05-5401 and 05-5460 (D.C. Cir. Mar. 16, 2006). In anticipation of an adverse decision from FDA, Apotex filed this case, together with a motion for a temporary restraining order. In its motion for a temporary restraining order, Apotex requests that FDA refrain from granting final approval to any ANDA for pravastatin tablets, including the 80 mg strength. Apotex Mot. for a Temp. Restraining Order, filed Apr. 5, 2006 at 1.

If Apotex prevails in this case, Ranbaxy would be denied 180-day exclusivity for pravastatin 80 mg. Denial of its entitlement to exclusivity would harm Ranbaxy. See Declaration of Jayadeep R. Deshmukh ("Deshmukh Decl.") ¶¶ 11-15. Ranbaxy therefore seeks to intervene in this action to defend its considerable interests.

Counsel for FDA has informed undersigned counsel that it takes no position on this motion. Counsel for Teva Pharmaceuticals USA, Inc. ("Teva") has informed undersigned counsel that it does not object. Counsel for Apotex Inc. ("Apotex") has informed undersigned

counsel that it does not object as long as Ranbaxy is able to meet the established briefing
schedule.

I. <u>Factual Background.</u>

      Plaintiff Apotex, defendant-intervenor Teva, and Ranbaxy distribute generic drugs that
are FDA-approved for marketing by means of an approved abbreviated new drug application
("ANDA").  Teva has submitted an ANDA seeking approval for generic pravastatin sodium
tablets in 10 mg, 20 mg, and 40 mg strengths.  Teva's product is a generic version of Bristol-
Meyers Squibb Co.'s ("BMS") Pravachol®.  <u>See</u> Mem. Op. at 2.  Pravachol is subject to patent
protection, and BMS has listed with FDA four unexpired Pravachol patents, U.S. Patent Nos.
4,346,227 ("the '227 patent"), 5,030,447 ("the '447 patent"), 5,180,589 ("the '589 patent") and
5,622,985 ("the '985 patent").  <u>Id</u>.

      Ranbaxy Laboratories Limited also has submitted an ANDA for pravastatin sodium
tablets. Deshmukh Decl. ¶ 7.  Unlike Teva's, Ranbaxy's ANDA seeks approval to market
pravastatin sodium tablets in 80 mg strength, as well as 10 mg, 20 mg, and 40 mg strength.  <u>Id</u>.
Ranbaxy's ANDA 76-445 also contains a paragraph III certification to the '227 patent and
paragraph IV certifications to the '447 patent and the '589 patent.  <u>Id</u>.  FDA has tentatively
approved Ranbaxy's ANDA, which means that its ANDA is ready for final approval when all
applicable patent related exclusivities have expired.  <u>See</u> FDA Administrative Record at Exh. 17,
<u>Teva v. FDA</u>, No. 05-1469 (JDB) (August 16, 2005).  Ranbaxy is prepared to market its generic
pravastatin sodium 80 mg tablets immediately following approval.  Deshmukh Decl. ¶10.

      Following Teva's submission, Apotex submitted an ANDA for pravastatin sodium 10
mg, 20 mg, and 40 mg.  <u>See</u> Mem. Op. at 3.  Following the submission of Ranbaxy's ANDA for
pravastatin sodium 10 mg, 20 mg, 40 mg and 80 mg, Apotex sought to amend its ANDA to seek
approval for pravastatin sodium 80 mg.

      Teva believes that it was the first to file an ANDA for pravastatin sodium 10 mg, 20 mg,
and 40 mg containing paragraph IV certifications to listed patents and is therefore entitled to

180-day exclusivity. See Mem. Op. at 3-4. Ranbaxy believes it was the first to file an ANDA

for pravastatin sodium 80 mg containing paragraph IV certifications to listed patents and is

therefore entitled to exclusivity. See Deshmukh Decl. ¶¶ 8, 10.

II. Legal Standard for a Motion to Intervene.

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right

and permissive intervention. In relevant part, Rule 24(a) provides that:

> Upon timely application anyone shall be permitted to intervene in
> an action…when the applicant claims an interest relating to the
> property or transaction which is the subject of the action and the
> applicant is so situated that the disposition of the action may as a
> practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately
> represented by existing parties.

Fed R. Civ. P. 24(a)(2). Thus, a prospective intervenor must be permitted to intervene if the

applicant claims an interest in the subject matter of the case, if the disposition of the case stands

to impair that interest, and if the applicant's interest is not adequately represented by the existing

parties. Acree v. Republic of Iraq, 370 F.3d 41, 49 (D.C. Cir. 2004). Alternatively, an applicant

may be permitted to intervene pursuant to Rule 24(b)(2) if its claim shares a question of law or

fact in common with the underlying action and if the intervention will not unduly delay or

prejudice the rights of the original parties. Id. Under either test, a party must seek intervention

timely. Id.; Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003). These

requirements for intervention are construed liberally in favor of intervention. Wilderness Soc'y

v. Babbitt, 104 F. Supp. 2d 10, 18 (D.D.C. 2000) ("[T]he D.C. Circuit has taken a liberal

approach to intervention . . . .").

As shown below, Ranbaxy has met the requirements for intervention as of right under

Rule 24(a)(2) and for permissive intervention under Rule 24(b)(2).

III.  Ranbaxy Has An Interest in the Subject Matter of the Case Which Could Be Impaired by Disposition of This Case.

Ranbaxy has a substantial interest in this action because it is entitled to 180-day exclusivity and committed to launch its generic 80 mg pravastatin sodium tablets immediately upon the expiration of BMS's '227 patent.  Deshmukh Decl. ¶ 10.  This commercial and legal interest constitutes an interest in the property or transaction which is the subject of the action sufficient to satisfy Rule 24(a)(2).  This Court has routinely allowed competing drug manufacturers to intervene in actions involving FDA drug approval and exclusivity decisions so that manufacturers may protect their unique and substantial interests.  See, e.g., Torpharm, Inc. v. Thompson, 260 F. Supp. 2d 69 (D.D.C. 2003), aff'd 354 F.3d 877 (D.C. Cir. 2004); Purepac Pharm. Co. v. Thompson, 238 F. Supp. 2d 191 (D.D.C. 2002), aff'd 354 F.3d 877 (D.C. Cir. 2004); Teva Pharms. Indus., LTD v. FDA, 355 F. Supp. 2d 111 (D.D.C. 2004).  See also Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1074-1076 (D.C. Cir. 1998).

If Apotex prevails in this action, Ranbaxy's interest will be impaired.  To determine whether an interest will be impaired, the court must look at the "'practical consequences' of denying intervention . . . ."  Fund for Animals, 322 F.3d at 735.  In this case, if Apotex were to prevail, Ranbaxy would face the immediate loss of substantial revenue that would likely be unrecoverable.  Deshmukh Decl. ¶¶ 11-15.  The injury to Ranbaxy is fairly traceable to the regulatory action Apotex seeks to compel – the denial of 180-day exclusivity for generic pravastatin sodium 80 mg.  A decision rejecting Apotex's legal challenge would prevent that loss from occurring.  Thus, Ranbaxy can demonstrate both the substantial interest and impairment necessary to satisfy Rule 24(a)(2).

IV.  Ranbaxy's Interest Is Not Adequately Represented By the Existing Parties.

The requirement that an intervenor show that the existing defendants do not adequately represent the proposed intervenor is not onerous.  Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986).  An intervener need only show that representation of its interest "may be" inadequate – not that it will in fact be inadequate, id., and the burden of making this showing is

"minimal," Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972) (citing 3 B

J. Moore, Federal Practice para. 24.09-1 [4] (1969). Ranbaxy amply satisfies this showing.

First, the plaintiff's interests in this case are squarely adverse to Ranbaxy's. Apotex

seeks to deny Ranbaxy its entitlement to 180-day exclusivity for generic pravastatin sodium

tablets 80 mg. Apotex Mot. for a Temp. Restraining Order, filed Apr. 5, 2006 at 1. Accordingly,

it does not in any way represent Ranbaxy's interests.

Second, the Federal defendants represent a different set of interests from those Ranbaxy

seeks to protect. Both Ranbaxy and, presumably, the Federal defendants will seek to show that

the plaintiff's arguments are inconsistent with the Hatch-Waxman scheme, language, legal

precedent and Congressional intent. Nevertheless, the Federal defendants have neither a

commercial nor financial interest in this case. Their interest lies in exercising the authority

delegated by Congress. Ranbaxy, by contrast, has an independent commercial and financial

interest in the outcome of this case. As the D.C. Circuit has concluded, "governmental entities

do not adequately represent the interests of aspiring intervenors." Fund for Animals, 322 F.3d at

736; see also People for the Ethical Treatment of Animals v. Babbitt, 151 F.R.D. 6, 8 (D.D.C.

1993).

Ranbaxy also meets the minimal burden of showing that no other generic company would

adequately represent Ranbaxy's interest. While Teva's and Ranbaxy's positions may appear

similar, they either are or may be quite different. See Deshmukh Decl. ¶ 16. First, the facts

regarding the 80 mg strength for which Ranbaxy seeks exclusivity differ from those of the 10,

20, and 40 mg strengths for which Teva seeks exclusivity. See Ranbaxy Response at Exh. 1.

Even if Apotex were to prevail on the 10, 20, and 40 mg strengths, it would not prevail on the 80

mg strength because the 80 mg was not at issue in the patent lawsuit that Apotex argues triggered

exclusivity. Id. Indeed, Apotex could not, as a matter of law, have filed a declaratory judgment

action over the 80 mg strength until 45 days after it provided the required statutory notice; a

period of time which had not yet run by the time Apotex obtained its stipulation and order. Id.

6

Second, while both Ranbaxy and Teva believe that Apotex has not obtained a court decision triggering exclusivity, their views on why exclusivity has run may differ significantly. In addition, each generic company is pursuing multiple ANDAs and, often, 180-day exclusivity, for a different set of drugs. Thus, their respective situations may dictate positions that differ in subtle but important respects. Such differences suffice to satisfy the adequacy of representation prong. See Mova, 140 F.3d at 1076.

Moreover, "a partial congruence of interests . . . does not guarantee the adequacy of representation." Fund for Animals, 322 F.3d at 737. The commercial, financial and legal differences between Teva and Ranbaxy are enough to satisfy the requirements for intervention. As the Court of Appeals for the District of Columbia has held, interests need not be wholly adverse before concluding that existing representation may be inadequate. Id. An intervenor should not be precluded from the opportunity to appear in its own behalf merely by "a tactical similarity of the present legal contentions of the [parties]." Id. (quoting Nuesse v. Camp., 385 F.2d 694, 701 (D.C. Cir. 1967)). Because Ranbaxy's interests are not the same as Teva's, representation by Teva may be inadequate. No more is required for intervention.

V. Ranbaxy's Motion is Timely and Will Not Unduly Delay the Proceedings.

The last requirement for intervention is that the intervention be timely. In this case, there can be no doubt that Ranbaxy's motion is timely. Ranbaxy filed this motion within days after Apotex filed this suit. Counsel for Ranbaxy understands that the plaintiff and the Federal defendants have discussed a proposed briefing schedule. Ranbaxy is prepared to comply with any schedule set by this Court. Accordingly, there will be no delay from granting Ranbaxy's motion to intervene.

7

Conclusion

For the reasons set forth above, Ranbaxy meets the test for intervention as of right and its motion to intervene should be granted. In the alternative, the Court should allow Ranbaxy to intervene pursuant to Rule 24(b)(2).

Respectfully submitted,

Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314


Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendants

8