UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, MICHAEL O. LEAVITT, and ANDREW VON ESCHENBACH, <br><br> Defendants, <br><br> and <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Intervenor-Defendant. | CIVIL NO. 1:06-CV-627 |

ANSWER OF PROPOSED INTERVENOR-DEFENDANTS RANBAXY LABORATORIES LIMITED, RANBAXY INC., AND RANBAXY PHARMACEUTICALS, INC.

Proposed Intervenor-Defendants Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") answer the like-numbered paragraphs of Plaintiff Apotex Inc.'s ("Apotex") Complaint as follows:

NATURE OF THE ACTION

1.   Admitted that Apotex has brought this suit challenging FDA's refusal to approve Apotex's ANDA No. 76-341 for generic pravastatin sodium tablets on April 20, 2006. Denied that FDA's refusal to approve Apotex's ANDA is "unlawful." Denied that the only remaining exclusivity on this product expires on April 20, 2006. Ranbaxy is without information or

knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and therefore denies the same. The third sentence of this paragraph is denied.

2.  The first sentence of this paragraph is admitted, except that both Teva and Ranbaxy are entitled to exclusivity. The second, third, and fourth sentences of this paragraph are denied.

3.  Denied.

## PARTIES

4.  Admitted.

5.  Admitted.

6.  Admitted.

## JURISDICTION AND VENUE

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Denied.

11. Denied.

## STATUTORY FRAMEWORK FOR APPROVAL OF NEW AND GENERIC DRUGS

12. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(b)(1), Ranbaxy respectfully refers the Court to the full text thereof.

13. Because this paragraph purports to summarize the contents of 21 U.S.C. §§ 355(b)(1), (c)(2) and 21 C.F.R. § 314.53(e), Ranbaxy respectfully refers the Court to the full text thereof.

14. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(2)(A), Ranbaxy respectfully refers the Court to the full text thereof.

15. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(2)(A)(vii), Ranbaxy respectfully refers the Court to the full text thereof.

16. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(2)(B), Ranbaxy respectfully refers the Court to the full text thereof.

17. Because this paragraph purports to summarize the contents of 35 U.S.C. § 271(e)(2)(A), Ranbaxy respectfully refers the Court to the full text thereof.

18. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(5)(B)(iv), Ranbaxy respectfully refers the Court to the full text thereof.

19. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(5)(B)(iv), Ranbaxy respectfully refers the Court to the full text thereof.

20. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(5)(B)(iv), Ranbaxy respectfully refers the Court to the full text thereof.

21. The first sentence of this paragraph is denied. The second sentence of this paragraph is admitted.

22. Because this paragraph purports to summarize the court decisions cited in the paragraph, Ranbaxy respectfully refers the Court to the full text thereof.

## BACKGROUND FACTS

23. Admitted.

24. Admitted.

25. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and therefore denies the same. The second sentence of this paragraph is admitted.

26. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and therefore denies the same. The second sentence of this paragraph is admitted.

27. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, except Ranbaxy admits that it has not been sued by Bristol-Myers Squibb. The second sentence of this paragraph is admitted, except that Apotex did not seek a declaratory judgment as to the 80 mg strength.

28. The first sentence of this paragraph is admitted, except that the motion was never filed. To the extent this paragraph summarizes the contents of the Mem. of Law in Support of Def.'s Mot. To Dismiss Plf.'s Comp., filed in Apotex Inc. v. Bristol-Myers Squibb Co., No. 1:04-CV-2922 (S.D.N.Y. May 25, 2004), a copy of which is attached to Apotex Inc.'s Motion for a Temporary Restraining Order in this case, Ranbaxy respectfully refers the Court to the text thereof.

29. The first and third sentences of this paragraph are admitted. To the extent that the remaining sentences of this paragraph purport to characterize the District Court's ruling in Apotex Inc. v. Bristol-Myers Squibb Co., No. 1:04-CV-2922 (S.D.N.Y.), a copy of which is attached to Apotex Inc.'s Motion for a Temporary Restraining Order in this case, and FDA's determinations in this matter, Ranbaxy respectfully refers the Court to the text thereof.

30. Admitted.

31. Because this paragraph purports to summarize the contents of FDA's June 28, 2005 letter to Apotex, a copy of which is attached to Apotex Inc.'s Motion for a Temporary Restraining Order in this case, Ranbaxy respectfully refers the Court to the text thereof.

32. The first and third sentences of this paragraph are admitted. Because the second sentence of this paragraph purports to characterize the order entered by this Court, Ranbaxy respectfully refers the Court to the record and the order in the case.

33. The first sentence of this paragraph is admitted. To the extent that the second sentence of this paragraph purports to characterize the D.C. Circuit Court's ruling in Teva Pharms. USA, Inc. v. FDA, -- F.3d --, 2006 WL 644903 (D.C. Cir. Mar. 16, 2006), Ranbaxy respectfully refers the Court to the text thereof.

34. Admitted.

35. The first sentence of this paragraph is admitted and the last sentence of this paragraph is denied. Because the remaining sentences of this paragraph purport to summarize the contents of statements made by FDA, Ranbaxy respectfully refers the Court to the text thereof.

36. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

37. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same

38. Denied.

39. Denied.

40. Denied.

41. Denied that FDA's exclusivity determination is "unlawful" and denied that Apotex is entitled to immediate declaratory and injunctive relief. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

42. Denied.

43. Ranbaxy repeats its answers to Apotex's allegations in paragraphs 1 through 42 as though fully answered herein.

44. Denied.

45. Denied.

46. Denied.

47. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

48. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

49. Ranbaxy repeats its answers to Apotex's allegations in paragraphs 1 through 48 as though fully answered herein.

50. Denied.

51. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

52. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

53. Denied.

54. Denied.

Dated: April 11, 2006                          Respectfully submitted,

*/s/ Kate C. Beardsley*
Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

Buc & Beardsley
919 Eighteenth Street, N.W.,
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Proposed Intervenor-Defendants