# EXHIBIT B

# Declaration of Arthur Y. Tsien

*In support of Apotex Inc.'s Motion For*
*Temporary Restraining Order and/or Preliminary Injunction*

[ORAL ARGUMENT NOT YET SCHEDULED]
Nos. 05-5401 & 5460

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

TEVA PHARMACEUTICALS USA, INC.,

Plaintiff-Appellee,

v.

FOOD AND DRUG ADMINISTRATION, et al.,

Defendants-Appellants,

and

APOTEX INC.,

Intervenor-Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIEF FOR THE FEDERAL APPELLANTS**

|  |  |
|---|---|
|  | PETER D. KEISLER<br>*Assistant Attorney General* |
| OF COUNSEL: |  |
|  | JEFFREY S. BUCHOLTZ |
| PAULA M. STANNARD | *Deputy Assistant Attorney General* |
| *Acting General Counsel* |  |
|  | EUGENE M. THIROLF |
| SHELDON T. BRADSHAW | *Director* |
| *Associate General Counsel* | *Office of Consumer Litigation* |
| Food and Drug Division |  |
|  | ANDREW E. CLARK |
| WENDY S. VICENTE | *Attorney, Office of Consumer Litigation* |
| *Office of the Chief Counsel* | *Civil Division, U.S. Department of Justice* |
| U.S. Food and Drug Administration | P.O. Box 386 |
| 5600 Fishers Lane | Washington, D.C. 20044 |
| Rockville, MD 20857 | 202/307-0067 |

Bristol's *"assur[ance]"*[9] that it had no *"intention"* to sue closely tracks this Court's description of a representation with preclusive effect in *Teva I*. 182 F.3d at 1008 ("the patent holder's *disavowal of any intent to sue* for infringement has preclusive effect") (emphasis added).

FDA therefore properly evaluated Bristol's repeated, unequivocal assurances that it had no intention of suing Apotex and determined that those assurances estopped Bristol from suing for infringement – a conclusion with which the district court agreed. JA38 n.6 (stating that BMS's representations "preclude[d] BMS from suing Apotex for infringement").[10] The district court need

---

[9] "Assure" means "1. To state positively, as to remove doubt. 2. To cause to feel sure. 3. To give confidence to; reassure. 4. To make certain; ensure." The American Heritage College Dictionary at 84 (3d ed. 2000).

[10] In addition to the face of the order itself, FDA reviewed the documents submitted to the agency by Apotex in support of its position that the dismissal order constituted a triggering court decision. JA1039-91. Apotex's submission included a declaration by Matthew P. Blischak, Bristol's Senior Counsel for Patent Litigation, who summarized the statements made by Bristol to Apotex that formed the basis of Apotex's agreement to dismiss the suit. JA1049-53; *see also* Stipulation and Order, JA1042 (incorporating Bristol's pre-Complaint representations as a ground for dismissal). Bristol's statements further support the conclusion that Bristol is estopped. Mr. Blischak stated that Bristol "has no intention, now or in the future, of suing TorPharm [Apotex] for infringement of any of the three Bristol patents so long as TorPharm's previous representations about its proposed generic products remain accurate." JA1053 ¶ 17 (quoting a letter sent by Bristol to Apotex's counsel on February 20, 2004).

contested motion." JA38; *see also* JA36 ("the Teva-Syntex dismissal was not wholly uncontested" inasmuch as "there was hearing on the motion regarding the terms, if any, to be attached to the dismissal, and the parties argued passionately at that hearing"). Passionate arguments notwithstanding, the district court was wholly unswayed by any of the parties' entreaties on the contested issues and sent them "out the door" without "finding" anything other than an uncontested fact.

Moreover, all that was truly contested by Teva and Syntex was the form the dismissal order should take. JA615-18. The *substantive* basis for the Teva-Syntex dismissal order – lack of case or controversy – was precisely the same as the basis for the Apotex-Bristol dismissal here at issue, and required the exact same degree of judicial imprimatur. The parties' disagreement over the form of the dismissal order in Teva-Syntex is of no legal significance for purposes of the court decision trigger and does not meaningfully distinguish that case from the case at bar. What matters under the standard set forth in *Teva* is that Bristol, like Syntex, made representations with preclusive effect (as the district court acknowledged), and those statements formed the predicate for the dismissal of Apotex's declaratory judgment action, just as Syntex's statements formed the predicate for dismissal of Teva's action. *Compare* JA1042 *with* JA616. If anything, the Apotex-Bristol dismissal order more clearly meets the *Teva* standard than the Teva-Syntex order

50