# EXHIBIT C

# Declaration of Arthur Y. Tsien

*In support of Apotex Inc.'s Motion For*
*Temporary Restraining Order and/or Preliminary Injunction*

ORAL ARGUMENT MARCH 9, 2006
Nos. 05-5401 & 5460

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TEVA PHARMACEUTICALS USA, INC.,

Plaintiff-Appellee,

v.

FOOD AND DRUG ADMINISTRATION, et al.,

Defendants-Appellants,

and

APOTEX INC.,

Intervenor-Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REPLY BRIEF FOR THE FEDERAL APPELLANTS

OF COUNSEL:

PAULA M. STANNARD
*Acting General Counsel*

SHELDON T. BRADSHAW
*Associate General Counsel*
Food and Drug Division

WENDY S. VICENTE
*Office of the Chief Counsel*
*U.S. Food and Drug Administration*
*5600 Fishers Lane*
*Rockville, MD 20857*

PETER D. KEISLER
*Assistant Attorney General*

JEFFREY S. BUCHOLTZ
*Deputy Assistant Attorney General*

EUGENE M. THIROLF
*Director*
*Office of Consumer Litigation*

ANDREW E. CLARK
*Attorney, Office of Consumer Litigation*
*Civil Division, U.S. Department of Justice*
*P.O. Box 386*
*Washington, D.C. 20044*
*202/307-0067*

statements had preclusive effect. *Id.* at 1008.

Here, too, the Apotex-Bristol Stipulation and Order of dismissal qualifies as such a "decision," because it is clear from the face of the Stipulation and Order that the dismissal was predicated upon Bristol's preclusive representations and the court's endorsement of its resulting lack of jurisdiction.

Teva similarly argues that the Apotex-Bristol stipulation does not qualify as a "holding." Br. 34 (arguing that the requirement for a "holding" is analytically distinct from the requirement for a "decision"). Again, however, *Teva I* controls. This Court held that the term "holding" is "susceptible to interpretation," and explained that the significance of a "holding," as with a "decision," "often lies in its preclusive effect." 182 F.3d at 1008.

### 2. The Apotex-Bristol Case Was Dismissed For Lack Of Subject-Matter Jurisdiction, Not Under Rule 41(a)(1)(ii)

Teva relies on wholly inapposite cases to support its argument that the Apotex-Bristol case was dismissed – not for lack of subject-matter jurisdiction, as the Stipulation and Order expressly states – but pursuant to Fed. R. Civ. P. 41, and thus is not a "decision of a court" with a "holding." None of the Rule 41 cases cited by Teva, however, concerns a dismissal for lack of subject-matter jurisdiction (Br. 29-31), and none involves or relates to the court-decision trigger

10