# EXHIBIT H

# Declaration of Arthur Y. Tsien

*In support of Apotex Inc.'s Motion For*
*Temporary Restraining Order and/or Preliminary Injunction*

Case 1:06-cv-00627-JDB   Document 17-15   Filed 04/14/2006   Page 2 of 5

[ORAL ARGUMENT SCHEDULED SEPTEMBER 8, 2000]
Nos. 99-5287 & 99-5342

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

TEVA PHARMACEUTICALS USA, INC., et al.,

        **Plaintiffs-Appellees**,

v.

U.S. FOOD AND DRUG ADMINISTRATION,

        **Defendant-Appellant**,

and

TORPHARM, A DIVISION OF APOTEX, INC.,

        **Intervenor-Defendant-Appellant**.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

BRIEF FOR THE FEDERAL APPELLANT

---

|  |  |
|---|---|
|  | DAVID W. OGDEN<br>  *Acting Assistant Attorney General* |
| OF COUNSEL: | WILMA LEWIS<br>  *United States Attorney* |
| MARGARET JANE PORTER<br>  *Chief Counsel* | DOUGLAS N. LETTER<br>  202/514-3602 |
| BARBARA STRADLING<br>ANNE MILLER<br>  Office of the Chief Counsel<br>  U.S. Food and Drug<br>  Administration<br>  5600 Fishers Lane<br>  Rockville, MD 20857 | HOWARD S. SCHER<br>  202/514-4814<br>  *Attorneys, Appellate Staff*<br>  *Civil Division,*<br>  *Department of Justice*<br>  601 D Street, N.W., Rm. 9106<br>  Washington, D.C. 20530-0001 |

the Court's view, "the California dismissal appears to meet the requirements of a triggering 'court decision' because that court had to make a predicate finding with respect to whether Syntex would ever sue Teva for infringement in order to conclude that there was no case or controversy between the parties." Id. at 1009. The Court, therefore, reversed the district court's decision and remanded the case to the district court to allow FDA to provide such explanation (id. at 1009). The Court also directed the district court to "determine anew" whether injunctive relief is appropriate. Id. at 1012.

d. On July 1, 1999, prior to this Court's ruling, TorPharm began marketing its generic version of ticlopidine after receiving FDA's final approval of its ANDA. TorPharm Br. at 5; JA 243-44. TorPharm's exclusivity, triggered by its commercial marketing, therefore expired 180 days later on December 27, 1999; and it was this exclusivity that kept Teva's product off the market until that date.

e. On remand, Teva immediately moved for issuance of an injunction. FDA opposed, explaining that a dismissal of a declaratory judgment action for lack of subject matter jurisdiction does not satisfy the "court decision" trigger because of the intersection of several factors: first, on its face, a dismissal for lack of subject matter jurisdiction is not a final decision on the merits invalidating a patent or finding it not infringed;

9

second, to determine whether such a dismissal is tantamount to a "court decision" as intended by the plain language of the statute, FDA must go behind the face of the order and interpret its meaning based on supplementary materials such as letters between the parties, or the motions and attachments filed in the declaratory judgment action; and, third, because FDA is not an expert in patent matters, the agency is never in a position to look beyond the face of an order to make the kind of determination this Court made in Teva I. The district court rejected FDA's explanation and enjoined it to issue an approval "immediate[ly]" (JA 262) to Teva, which FDA did on August 20, 1999. Both TorPharm and FDA appealed this order.

f.  On August 6, 1999, FDA published its proposed rule to replace the "successful defense" rule invalidated in Mova. See 64 Fed. Reg. 42873 (1999). FDA's proposal is based, in part, on the suggestion this Court made in a footnote in Mova, 140 F.3d at 1071 n.11. See discussion in Point II, infra.

## STANDARD OF REVIEW

This Court reviews the question of whether FDA's determination was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law under a de novo review standard. See, e.g., Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1213 (D.C. Cir. 1998).

10

In sum, the district court's error was in its decision to review FDA's actions from the hindsight of this Court's decision in Teva I. Had it reviewed FDA's actions from the proper perspective of when Teva asked FDA to review the California dismissal, the district court would have reached the conclusion that FDA's conduct was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

    B.    **FDA Did Justify Its Differing Treatment Of The Partial Summary Judgment In the Boehringer Case And Its Treatment Of The California Dismissal Here.**

The district court also ruled that FDA failed to "square its approach to the California dismissal with [FDA's] handling of [the partial summary judgment order in Glaxo, Inc. v. Boehringer Ingelheim Corp., 954 F. Supp. 469, 471 (D. Conn. 1996)] * * *." JA 259. On the contrary, FDA explained that there is a meaningful difference between (a) the Boehringer partial summary judgment order, which stated on its face that the patent at issue was not infringed (JA 346), and (b) the California dismissal order, which merely dismissed the case for lack of subject matter jurisdiction (JA 345). See also JA 110-11 (Sporn Declaration); JA 95-99 (FDA's district court memorandum). Indeed, the former comports with 21 C.F.R. 314.107(e)(2)(iv), while the latter does not. The district court, however, understood FDA's explanation as no different from what it characterized as FDA's "administrative convenience" explanation (see JA 259-261), and thus erred in rejecting it.

24