```
                   UNITED STATES COURT OF APPEALS
                 FOR THE DISTRICT OF COLUMBIA CIRCUIT


    ------------------------------
    TEVA PHARMACEUTICALS, USA,
    INC.,
            Appellants,
                                           No. 05-5401
        v.

    FOOD AND DRUG ADMINISTRATION,
    ET AL; APOTEX, INC.,

            Appellee.
    ------------------------------

                                      Thursday, March 9, 2006

                                      Washington, D.C.

        The above-entitled matter came on for oral
    argument pursuant to notice.

        BEFORE:

            CIRCUIT JUDGES RANDOLPH AND TATEL AND
            SENIOR CIRCUIT JUDGE WILLIAMS

        APPEARANCES:

            ON BEHALF OF THE APPELLANTS:

            JEFFREY BUCHOLTZ, ESQ.

            WILLIAM A. RAKOCZY, ESQ.

            ON BEHALF OF THE APPELLEE:

            JAY P. LEFKOWITZ, ESQ.
```

*Deposition Services, Inc.*
*6245 Executive Boulevard*
*Rockville, MD 20852*
*Tel: (301) 881-3344 Fax: (301) 881-3338*

HDC                                                                  15

```
 1  the District Court in Teva to say that we should just throw
 2  out that order and not consider it, or say that Judge Pauly
 3  really didn't mean anything by signing that order.  We submit
 4  that goes down a very dangerous path.  He, in fact, signed a
 5  court order --
 6            THE COURT:  The reason there was no subject matter
 7  jurisdiction in your view was?
 8            MR. ROKOCZY:  Based on Bristol-Myers unequivocal
 9  representations that it had no intent to sue Apotex now or in
10  the future.
11            THE COURT:  There was no case or controversy.
12            MR. ROKOCZY:  Correct, Your Honor.
13            THE COURT:  Okay. So you don't have a case for
14  controversy and that, because there's no case for controversy
15  you have a decision holding the patent not infringed or
16  invalid?  I mean, doesn't it strike you as odd that you would
17  take a case in which there's no case for controversy and say
18  that's upholding on the merits?
19            MR. ROKOCZY:  That doesn't strike us as odd at all,
20  Your Honor.
21            THE COURT:  It strikes me as exceedingly odd.
22            MR. ROKOCZY:  In fact --
23            THE COURT:  That you take it, if there's no case or
24  controversy, then it follows that we have a holding on the
25  merits.
```

HDC                                                                  16

1           MR. ROKOCZY:  If that does not constitute a decision
2   or holding of a court, then as --
3           THE COURT:  There's a decision and holding of the
4   court but it's not a holding or decision on the invalidity or
5   noninfringement.
6           MR. ROKOCZY:  Now those are two different things,
7   Your Honor.  In fact, the decision here according to Judge
8   Bates, there was no decision.  We obviously think there was a
9   decision.  It as a signed order dismissing for lack of subject
10  matter jurisdiction.  On the issue of whether that can be a
11  holding of a court, holding the patent invalid or not
12  infringed, we would point to this Court's _Teva_ rationale.  In
13  _Teva I_, used by the District Court and then affirmed in _Teva_
14  _II_ and that is that you cannot accomplish the purpose of this
15  court decision trigger unless you recognize that, in fact, as
16  a trigger because then the patentee can manipulate the whole
17  process an get rid of the trigger merely by saying it doesn't
18  want to fight.  In fact, it accomplishes the same result.
19  When Apotex filed it's EJ, Bristol-Myers came back and said we
20  have no intent to sue.  Apotex got all the relief it was
21  seeking.  It got free and clear of those patents and in fact
22  it remains the only company today free and clear of those
23  patents.  That is the functional equivalent as this Court
24  noted in _Teva I_, as a decision or finding of noninfringement
25  or invalidity.  It protects Apotex by estopping Bristol-Myers