UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC.,<br><br>Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION, *et al.*<br><br>Defendants,<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>RANBAXY LABORATORIES LIMITED,<br>RANBAXY INC., and RANBAXY<br>PHARMACEUTICALS, INC.<br><br>Intervenors-Defendants. | Case No. 06-627 (JDB) |

**MEMORANDUM IN SUPPORT OF**
**EMERGENCY MOTION FOR PARTIAL RECONSIDERATION**

Of Counsel:
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
Teva Pharmaceuticals USA, Inc.
425 Privet Road
Horsham, PA 19044-8005
(215) 293-6400

Jay P. Lefkowitz (DC 449280)*
Steven A. Engel (DC 484789)
John C. O'Quinn (DC 485936)
Michael D. Shumsky (DC 495078)
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000

*Counsel for Intervenor-Defendant*
*Teva Pharmaceuticals USA, Inc.*

April 19, 2006

\* *Counsel of Record*

Pursuant to Fed. R. Civ. P. 59(e) Intervenor-Defendant Teva Pharmaceuticals USA, Inc. ("Teva") hereby moves for partial reconsideration of this Court's April 19, 2006 opinion and order. The Court properly denied Apotex Inc.'s motion for a temporary restraining order and preliminary injunction; however, after concluding Apotex was not entitled to any injunctive relief, the Court then effectively granted Apotex a *two-day TRO* by purporting to grant an injunction pending appeal through 5:00 PM on Friday, April 21, 2006. By enjoining the Food and Drug Administration ("FDA") from approving Teva's abbreviated new drug application for generic pravastatin until the close of business on a Friday afternoon, the Court has ensured that Teva's launch will be delayed, and the distribution of product could be further delayed due to the weekend. There is simply no legal authority for this injunction, which contravenes Teva's statutory rights under the Hatch-Waxman Act. Moreover, this "brief" injunction comes at the expense of Teva and the public. By contrast, Apotex would suffer no appreciable harm if Teva were to launch on April 20th and subsequently be enjoined by the D.C. Circuit in the form of an injunction pending appeal. Teva, thus, respectfully requests that the Court reconsider and vacate its injunction pending appeal.

## ARGUMENT

With all respect to the Court, having determined that Apotex is not entitled to a TRO or preliminary injunction under the accepted four-part test, the Court lacks authority to enjoin FDA from approving Teva's ANDA. As this Court recognized in its opinion, Apotex's request for a stay pending appeal "is analyzed *under the same four-pronged legal framework that applies to the motion for temporary restraining order and preliminary injunction*," Slip Op. 13 n.5 (emphasis added) (citing *Washington Area Metro. Auth. Comm'n v. Holiday Tours*, 559 F.2d 841, 83-44 (D.C. Cir. 1977)), and the Court held that "Apotex has failed to establish that the

balance of harms or its likelihood of success on the merits favors the issuance of such relief." *Id.* at 35. Yet the Court "[n]evertheless" granted an injunction pending appeal, with no legal authority for so doing. Such an action is *ultra vires*. There simply is no authority for the Court to grant a temporary injunction or an injunction pending appeal merely to preserve the *status quo* unless the Court is satisfied that the four-part test is met. For the reasons given in the Court's opinion, it is not.[1]

However, by granting what effectively amounts to a TRO, the Court causes the very harm to Teva that the Court identifies as a basis for denying a TRO or preliminary injunction. Teva "stand[s] to lose a statutory entitlement, which is a harm that has been recognized as sufficiently irreparable." Slip Op. 33. To be clear, under the Hatch-Waxman Act, Teva is **statutorily entitled** to launch on April 20th. Because Teva was not sued by the patentee, there is no 30-month stay in place, and the statute requires FDA approval once all patents for which a Paragraph III certification have expired. That occurs tomorrow. There is no legal basis for keeping Teva off the market. Indeed, the only question is whether Apotex can *also* go to market tomorrow or whether it must wait because Teva's 180 days of exclusivity have not expired. This Court concluded that Apotex had virtually no chance for success on the merits of that question. Thus, there is no basis for denying Teva its statutory right to go to market tomorrow.

Indeed, this delay comes directly at the expense of the public. As the Court observed in the opinion today, "the public interest *is most directly furthered by the launch of generic pravastatin on April 20, 2006.*" Slip Op. 35. Yet, because of the Court's "brief" injunction, this substantial public interest will not be served, and the branded company stands to continue to

---

[1] And indeed, the *status quo* is that FDA is statutorily authorized to approve Teva's generic pravastatin product tomorrow such that Teva could launch tomorrow. The "brief" injunction pending appeal upsets the *status quo*.

profit at the expense of patients to the tune of approximately *$4.6 million* per day for at least the next two days. *See* Teva Opp. to Apotex Mot. for TRO and/or Preliminary Injunction, at 23.

Moreover, as the Court acknowledged in its opinion, "***each day after April 20, 2006 that intervenor-defendants are foreclosed from marketing their generic pravastatin products will result in further erosion of the statutory entitlement and additional lost profits and market share.***" Slip Op. 34. The Court's "brief" injunction could keep Teva off the market for at least two days. As noted in Teva's brief in Opposition to Apotex's Motion for a TRO and/or Preliminary Injunction, as little as a one-week delay could cost Teva *tens of millions* of dollars. Even a one day delay will, thus, be costly. Indeed, given the Court's opinion, denying Apotex's motion, but entering a "brief" injunction, BMS and Watson would have every incentive to launch their authorized generic tomorrow simply to undercut Teva and get at least a two-day head-start on capturing the market.

To be clear, no catastrophe will befall Apotex if Teva were to launch generic pravastatin on April 20, and then the D.C. Circuit subsequently enter an injunction pending appeal. As the Court noted, "it hardly seems possible that a $9.9 million loss in sales over a year would cause extreme hardship." Slip Op. 32. And, of course, in the even that Teva launched tomorrow—per its statutory entitlement—and the D.C. Circuit subsequently grant an injunction pending appeal, then Apotex would, in reality, suffer no harm at all. Teva would not be able to "tie up distribution channels and access to customers, enter into long-term sales agreements, increase sales across all product lines, and retain greater market share in the long term," as Apotex suggested in its motion, because Teva would then be blocked from the market. In short, the Court's injunction does nothing to help Apotex, while severely harming Teva as well as the public.

3

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court grant its emergency motion for partial reconsideration and vacate the injunction pending appeal prohibiting FDA from approving any pravastatin ANDA until 5:00 PM on Friday, April 21, 2006.

Respectfully submitted,

*/s/ John C. O'Quinn*

Jay P. Lefkowitz (DC 449280)*
Steven A. Engel (DC 484789)
John C. O'Quinn (DC 485936)
Michael D. Shumsky (DC 495078)
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC  20005
(202) 879-5000

Of Counsel:
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
Teva Pharmaceuticals USA, Inc.
425 Privet Road
Horsham, PA  19044-8005
(215) 293-6400

*Counsel for Intervenor-Defendant
Teva Pharmaceuticals USA, Inc.*

April 18, 2006

* *Counsel of Record*