UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| APOTEX INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION, *et al.*<br><br>    Defendants,<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>RANBAXY LABORATORIES LIMITED,<br>RANBAXY INC., and RANBAXY<br>PHARMACEUTICALS, INC.<br><br>    Intervenors-Defendants. | Case No. 06-627 (JDB) |

**ANSWER OF INTERVENOR-DEFENDANT TEVA PHARMACEUTICALS USA, INC.**

Of Counsel:
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
Teva Pharmaceuticals USA, Inc.
425 Privet Road
Horsham, PA 19044-8005
(215) 293-6400

Jay P. Lefkowitz (DC 449280)*
John C. O'Quinn (DC 485936)
Michael D. Shumsky (DC 495078)
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000

*Counsel for Intervenor-Defendant
Teva Pharmaceuticals USA, Inc.*

June 26, 2006

\* *Counsel of Record*

Intervenor-Defendant Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits the following answers in response to the Complaint filed by Plaintiff Apotex, Inc. ("Apotex") on April 5, 2006:

## NATURE OF THE ACTION

1. Admitted that Apotex has brought this action challenging FDA's refusal to approve Apotex's ANDA No. 76-341 for generic pravastatin sodium tablets as of April 20, 2006. Denied that FDA's refusal to approve Apotex's ANDA was "unlawful," that "the only remaining exclusivity for this product expires ... on April 20, 2006" and that "there are no unexpired exclusivities delaying ... final approval." Teva is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in the first clause of the second sentence, and therefore denies it. The third sentence of the paragraph is denied.

2. The first sentence of this paragraph is admitted. The second, third, and fourth sentences are denied.

3. Denied.

## PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

**STATUTORY FRAMEWORK FOR APPROVAL OF NEW AND GENERIC DRUGS**

12. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

13. Denied insofar as it offers a legal conclusion; the statutes and regulations referenced in this paragraph are their own best evidence and speak for themselves.

14. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

15. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

16. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

17. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

18. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

19. Denied insofar as it offers a legal conclusion; the statute referenced in this paragraph is its own best evidence and speaks for itself.

20. The first sentence of this paragraph is denied insofar as it offers a legal conclusion; the statute referenced in this sentence is its own best evidence and speaks for itself. Teva is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in the second sentence, and therefore denies it.

21.   Denied insofar as it offers a legal conclusion; the statutory scheme and judicial decisions characterized in this paragraph are their own best evidence and speak for themselves.

22.   Denied insofar as it offers a legal conclusion; the statutory scheme and judicial decisions referenced in this paragraph are their own best evidence and speak for themselves.

## BACKGROUND FACTS

23.   Admitted.

24.   Admitted, except that the period of pediatric exclusivity associated with the '227 patent did in fact expire on April 20, 2006.

25.   Admitted, except that Teva's ANDA was in fact eligible for final approval on April 20, 2006, and such final approval was lawfully granted on April 24, 2006.

26.   Teva is without information or knowledge sufficient to form a belief as to the truth of the allegation contained in the first sentence of this paragraph, and therefore denies it. The second sentence of this paragraph is admitted.

27.   The first sentence of this paragraph is admitted. The second sentence of this paragraph is admitted except to the extent that it purports to characterize Apotex's motivation for seeking a declaratory judgment that its ANDA products were non-infringing.

28.   The first sentence of this paragraph is admitted, except for the fact that BMS' motion to dismiss and supporting memorandum in *Apotex, Inc. v. Bristol-Myers Squibb Co.*, No. 1:04-CV-2922 (S.D.N.Y. May 25, 2004) were never filed by the district court. The remaining sentences are denied insofar as they purport to characterize Bristol-Myers Squibb's ("BMS") unfiled motion to dismiss and supporting memorandum; that motion and memorandum are their own best evidence and speak for themselves.

29. The first and third sentences of this paragraph are admitted. The remaining sentences are denied insofar as they purport to characterize the dismissal in *Apotex, Inc. v. Bristol-Myers Squibb Co.*, No. 1:04-CV-2922 (S.D.N.Y. May 25, 2004), BMS' motion to dismiss and supporting memorandum, and any putative characterizations of those materials by the Food and Drug Administration ("FDA"); those documents and/or statements are their own best evidence and speak for themselves.

30. Admitted.

31. Because this paragraph purports to summarize the contents of the FDA's June 28, 2006 letter to Apotex, Teva respectfully refers the Court to the letter referenced in this paragraph, which is its own best evidence and speaks for itself.

32. Admitted.

33. The first sentence is admitted. The second sentence is denied insofar as it purports to characterize the D.C. Circuit's decision in *Teva Pharms. USA, Inc. v. FDA*, 441 F.3d 1 (D.C. Cir. 2006); that decision is its own best evidence and speaks for itself.

34. Admitted.

35. The first sentence is denied insofar as FDA took final agency action in this matter on April 11, 2006. The second and third sentences are denied insofar as they purport to characterize various statements made by FDA; those statements are their own best evidence and speak for themselves. The fourth sentence is denied.

36. Admitted, except that Teva has in fact launched its pravastatin products into the market.

37. Denied.

38. Denied.

4

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Teva incorporates its answer to Apotex's allegations in paragraphs 1 through 42 as though fully answered herein.

44. Denied.

45. Denied. Teva admits that FDA lawfully took final agency action on April 11, 2006.

46. Denied.

47. Denied. Teva admits that FDA lawfully took final agency action on April 11, 2006.

48. Denied.

49. Teva incorporates its answer to Apotex's allegations in paragraphs 1 through 48 as though fully answered herein.

50. Denied. Teva admits that FDA lawfully took final agency action on April 11, 2006.

51. Denied.

52. Denied.

53. Denied, except that Teva has no objection to preserving the *now-current* status quo pending resolution of this matter on the merits.

54. Denied.

Respectfully submitted,

*[signature]*

Jay P. Lefkowitz (DC 449280)\*
John C. O'Quinn (DC 485936)
Michael D. Shumsky (DC 495078)
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC  20005
(202) 879-5000

<u>Of Counsel:</u>
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
Teva Pharmaceuticals USA, Inc.
425 Privet Road
Horsham, PA  19044-8005
(215) 293-6400

*Counsel for Intervenor-Defendant*
*Teva Pharmaceuticals USA, Inc.*

June 26, 2006

\* *Counsel of Record*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of June 2006, a true and correct copy of the foregoing Answer of Intervenor-Defendant Teva Pharmaceuticals USA, Inc. was served via email and ECF filing as follows:

Arthur Y. Tsien
Olsson, Frank and Weeda, P.C.
1400 16th St., NW Suite 400
Washington, D.C. 20036-2220

William A. Rakoczy
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
*Counsel for Plaintiff Apotex Inc.*

Andrew E. Clark
U.S. Department of Justice
Office of Consumer Litigation
Room 950 North
1331 Pennsylvania Ave., NW
Washington, D.C. 20004
*Counsel for the Federal Defendants*

Kate C. Beardsley
Carmen M. Shepard
Buc & Beardsley
919 18th St., NW, Suite 60
Washington D.C. 20006
*Counsel for Intervenors-Defendants Ranbaxy Laboratories Limited,
Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc.*

/s/ John C. O'Quinn
John C. O'Quinn
*Counsel for Intervenor-Defendant
Teva Pharmaceuticals USA, Inc.*