## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APOTEX INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>FOOD AND DRUG ADMINISTRATION, )<br>*et al.*, )<br><br>Defendants, )<br><br>and )<br><br>TEVA PHARMACEUTICALS USA, INC., )<br>RANBAXY LABORATORIES LIMITED, )<br>*et al.*, )<br><br>Intervenor-Defendants. )<br>_____) | Civil Action No. 06-627 (JDB) |

### FEDERAL DEFENDANTS' ANSWER

The United States Food and Drug Administration ("FDA"), Michael O. Leavitt, Secretary of Health and Human Services, and Andrew von Eschenbach, Acting Commissioner of Food and Drugs (collectively, the "federal defendants"), as their answer to plaintiff's complaint, state as follows:

<u>FIRST DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

Answering specifically the numbered paragraphs of the complaint, the federal defendants state as follows:

1.    Admit that plaintiff's complaint seeks declaratory and injunctive relief, and aver

that paragraph 1 sets forth plaintiff's characterization of this lawsuit and conclusions of law, and not allegations of fact to which a response is required, but if a response is required, deny.

2.       Admit that FDA has determined that Teva Pharmaceuticals USA, Inc. ("Teva") is entitled to a period 180 day exclusivity, and refer the Court to FDA's April 11, 2006 letter to Teva (AR Tab 39) for an explanation of FDA's conclusion.  Deny the remaining allegations in paragraph 2.

3.       Deny.

4.       Admit.

5.       Admit.

6.       Admit sentences 1, 2, and 4.  With respect to sentence 3, admit that the Secretary of Health and Human Services has redelegated to the Commissioner of Food and Drugs the functions vested in the Secretary under the Federal Food, Drug, and Cosmetic Act.

7.       Aver that paragraph 7 sets forth legal conclusions to which the federal defendants are not required to plead.

8.       Aver that paragraph 8 sets forth legal conclusions to which the federal defendants are not required to plead.

9.       Aver that paragraph 9 sets forth legal conclusions to which the federal defendants are not required to plead.

10.       Aver that paragraph 10 sets forth legal conclusions to which the federal defendants are not required to plead.

11.       Aver that paragraph 11 sets forth legal conclusions to which the federal defendants are not required to plead, but if a response is required, deny.

2

12.    Aver that paragraph 12 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

13.    Aver that paragraph 13 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provisions and regulation for a full and complete statement of their contents.

14.    Aver that paragraph 14 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

15.    Aver that paragraph 15 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

16.    Aver that paragraph 16 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

17.    Aver that paragraph 17 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

18.    Aver that paragraph 18 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.

19.    Aver that paragraph 19 sets forth legal conclusions to which the federal

3

defendants are not required to plead, and refer the Court to the cited statutory provisions for a full and complete statement of its contents.

20.    Aver that sentence 1 of paragraph 20 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited statutory provision for a full and complete statement of its contents.   Admit that FDA can approve all otherwise-eligible ANDAs as soon as the 180-day exclusivity period expires.  Deny the remaining allegations in paragraph 20.

21.    Aver that paragraph 21 sets forth legal conclusions to which the federal defendants are not required to plead.

22.    Aver that paragraph 22 sets forth legal conclusions to which the federal defendants are not required to plead, and refer the Court to the cited court decisions for a full and complete statement of their contents.

23.    Admit, and refer the Court to the FDA-approved labeling for Pravachol for a full and complete statement of the drug's indications for use.

24.    Admit.

25.    Admit that Teva submitted the first ANDA for pravastatin for the 10mg, 20mg, and 40mg strengths that contained a paragraph IV certification and that Teva's application contained a paragraph III certification to the '227 patent.  Admit that Teva's application was not eligible for approval until April 20, 2006.  Deny the remaining allegations in paragraph 25.

26.    Admit, except to aver that Apotex is not eligible for approval until the 180-day exclusivity applicable to Apotex's application expires.

27.    Aver that the federal defendants are without information or knowledge sufficient

4

to form a belief as to the truth of the allegations in sentence 1 but are not aware of any lawsuit filed by BMS against any ANDA applicant for pravastatin. Admit that Apotex filed a declaratory judgment action against BMS in which Apotex prayed for a declaration that its proposed pravastatin sodium drug product does not infringe any valid or enforceable claim of the '447, '589, and '985 patents.

28.     Aver that paragraph 28 describes BMS's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, and refer the Court to that document (attached to the Declaration of William A. Rakoczy, Exhibit B, Tab F) for a full and complete statement of its contents.

29.     Admit sentences 1 and 3. Admit that on July 23, 2004, United States District Judge William H. Pauley III signed a stipulation and order between Apotex and BMS, and refer the Court to the stipulation and order (attached to Rakoczy Decl. as Exh. B Tab A) for a full and complete statement of its contents. Admit that in its June 28, 2005 letter to Apotex, FDA stated that any 180-day exclusivity arising from the '447, '589, or '985 patents was triggered as of August 22, 2004 by the dismissal of Apotex's declaratory judgment action, and aver that FDA's conclusion was based on an interpretation of 21 U.S.C. § 355(j)(5)(B)(iv)(II) that the agency believed itself compelled to apply as a result of *Teva Pharm., USA, Inc. v. FDA*, 182 F.3d 1003 (D.C. Cir. 1999) and *Teva Pharm., USA, Inc. v. FDA*, No. 99-5287, 2000 U.S. App. LEXIS 38,667 (D.C. Cir. Nov. 15, 2000). Aver that FDA interprets 21 U.S.C. § 355(j)(5)(B)(iv)(II) as set forth in FDA's April 11, 2006 letter to Teva (AR Tab 39). Deny the remaining allegations in paragraph 29.

30.     Admit that Apotex's September 7, 2004 letter sought confirmation that the

dismissal of its declaratory judgment action against BMS triggered any generic exclusivity that would be awarded for pravastatin 10mg, 20mg, 40mg, and 80 mg strengths, and refer the Court to plaintiff's September 7, 2004 letter (attached to Rakoczy Decl. as Exh. B) for a full and complete statement of its contents.

31.     Admit that in its June 28, 2005 letter to Apotex, FDA stated that any 180-day exclusivity arising from the '447, '589, or '985 patent for 10 mg, 20 mg, 40 mg, and 80 mg strengths was triggered as of August 22, 2004 by the dismissal of Apotex's declaratory judgment action and, therefore, expired as of February 18, 2005.  Admit further that FDA stated that the pediatric exclusivity that attaches to the '227 patent expires April 20, 2006.  The federal defendants refer the Court to FDA's June 28, 2005 letter to Apotex for a full and complete statement of its contents.  See Rakoczy Decl. Exh. C.  Aver that FDA subsequently indicated its intent to reconsider as needed whether the dismissal triggered 180-day exclusivity for the 80 mg strength.  See Federal Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, at 15 n.6, filed in *Teva Pharms. USA, Inc. v. FDA*, Civ. No. 05-1469 (D.D.C.).

32.     Admit sentences 1 and 3.  Admit that on October 21, 2005, the Court entered an order granting plaintiff's motion for permanent injunctive relief and refer the Court to the Order and plaintiff's motion for a full and complete statement of their contents.

33.     Admit sentence 1.  Admit that the D.C. Circuit's decision in *Teva Pharm. USA, Inc. v. FDA*, 441 F.3d 1 (D.C. Cir. 2006), states, in part, what it is quoted as stating, and refer the Court to that decision for a full and complete statement of its contents.

34.     Admit.

35.     Deny sentences 1, 4, and 5, and refer the Court to FDA's April 11, 2006 letter to Teva (AR Tab 39).  Admit that the federal defendants' appellate briefs state, in part, what they are quoted as stating, and refer the Court to those briefs (excerpts attached to Rakoczy Decl. as Exhs. D and E) for a full and complete statement of their contents.

36.     Admit.

37.     Deny.

38.     Aver that paragraph 38 sets forth legal conclusions to which the federal defendants are not required to plead.

39.     Admit that FDA sent plaintiff a tentative approval letter on April 25, 2006, and deny the remaining allegations in paragraph 39.

40.     Deny.

41.     Deny.

42.     Deny.

43.     The federal defendants incorporate by reference their responses to paragraphs 1-42.

44.     Deny.

45.     Admit that FDA's April 11, 2006 letter to Teva is final agency action that is subject to judicial review.  Deny the remaining allegations in paragraph 45.

46.     Deny.

47.     Admit that FDA's April 11, 2006 letter to Teva is final agency action that is subject to judicial review.  Deny the remaining allegations in paragraph 47.

48.     Aver that the federal defendants are without information or knowledge sufficient

to form a belief as to the truth of the allegations in paragraph 48.

49.    The federal defendants incorporate by reference their responses to paragraphs 1-49.

50.    Admit that FDA's April 11, 2006 response to Teva is final agency action that is subject to judicial review.

51.    Deny.

52.    Aver that the federal defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    Deny.

54.    Deny.

55.    Aver that paragraph 54 sets forth plaintiff's prayer for relief to which no response is required, but if a response is required, deny that plaintiff is entitled to the requested relief.

The federal defendants hereby specifically deny all of the allegations of the complaint not expressly admitted.  The federal defendants, having fully answered plaintiff's complaint, pray that this action be dismissed with prejudice, and that they be granted their costs and other relief as may be appropriate.

Respectfully submitted,

Of Counsel:

| | |
|---|---|
| PAULA M. STANNARD | PETER D. KEISLER |
| Acting General Counsel | Assistant Attorney General |
| | |
| SHELDON T. BRADSHAW | JEFFREY S. BUCHOLTZ |
| Chief Counsel | Deputy Assistant Attorney General |
| Food and Drug Division | |
| | EUGENE M. THIROLF |
| ERIC M. BLUMBERG | Director |
| Deputy Chief Counsel, Litigation | Office of Consumer Litigation |

PAIGE TAYLOR                     _____/s/_____

Associate Chief Counsel         ANDREW E. CLARK

U.S. Dept. of Health & Human Services    Attorney

Office of the General Counsel         Office of Consumer Litigation

5600 Fishers Lane                 U.S. Department of Justice

Rockville, MD 20857              P.O. Box 386

(301) 827-1161                   Washington, D.C.  20044

                                Tel:  (202) 307-0067

                                Fax:  (202) 514-8742

Dated: June 26, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing Federal Defendants' Answer to be served via the District Court's electronic filing (ECF) system upon:

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, P.C.
1400 16th Street, N.W., Suite 400
Washington, D.C.  20036-2220
*Counsel for Plaintiff Apotex Inc.*

William A. Rakoczy
Christine Siwik
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60610
*Counsel for Plaintiff Apotex Inc.*

Jay P. Lefkowitz
John C. O'Quinn
KIRKLAND & ELLIS
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005
*Counsel for Intervenor-Defendant Teva Pharmaceuticals USA, Inc.*

Kate C. Beardsley
BUC & BEARDSLEY
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C.  20006
*Counsel for Intervenor-Defendants Ranbaxy Laboratories Limited, et al.*

this 26th day of June, 2006.

_____/s/_____
Andrew E. Clark